IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

NAVASHIA AKINS                                                  PLAINTIFF

v.                          No. 4:25-cv-570-DPM

WALMART SPARK and DELIVERY
DRIVERS, INC.                                     DEFENDANTS

## ORDER

1.    Akins's application to proceed *in forma pauperis*, Doc. 1, is granted. She reports living on limited income.

2.    The Court must screen Akins's complaint. 28 U.S.C. § 1915(e)(2). She sues Walmart and Delivery Drivers under 42 U.S.C. § 1983 alleging that they violated her civil rights by not disclosing the findings of a background check, the results of which ended her ability to work as a driver for Walmart Sparks. Walmart Spark employs "independent contractor drivers" to deliver its customers' online orders. *Spark Driver*, WALMART, *http://drive4spark.walmart.com* (last visited 17 June 2025). "Delivery Drivers Inc. (DDI) is the 'administrator of driver management' for Spark Driver." *Walz v. Walmart Inc.*, 2024 WL 2864230, at *1 (W.D. Wash. 6 June 2024). It's unknown when Delivery Drivers performed a background check or under what authority they did so. But Akins contends that Defendants "operated

in a public/private joint capacity, similar to a government actor" and violated her due process rights by denying her "access to essential work." *Doc. 2 at 3–4*. She seeks $3,000,000.

Claims under § 1983 require state action. Both Walmart Sparks and Delivery Drivers are private corporations, not the government. In limited circumstances, a private entity can qualify as a state actor. *Manhattan Community Access Corp. v. Halleck*, 587 U.S. 802, 809–10 (2019); *Doe v. North Homes, Inc.*, 11 F.4th 633, 637 (8th Cir. 2021). None of the few qualifying circumstances are present here. Akins's assertion that the defendants acted "similar" to government actors is not enough to state a § 1983 claim.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

30 June 2025